```
                                                          FILED
                                                      U.S. DISTRICT COURT
                                                  EASTERN DISTRICT ARKANSAS

                                                         JUN 23 2006
```

IN THE UNITED STATES DISTRICT COURT JAMES W. McCORMACK, CLERK
EASTERN DISTRICT OF ARKANSAS         By: 
JONESBORO DIVISION                                              DEP CLERK

**LEESENT STAPLETON**                                        **PLAINTIFF**

VS.                     3:04CV-00394-WRW

**CITY OF WEST MEMPHIS; J (FNU) GORE, individually
and in his official capacity as a WEST MEMPHIS POLICE
OFFICER; T (FNU) EVANS, individually and in his
official capacity as a WEST MEMPHIS POLICE OFFICER;
J (FNU) WASHINGTON, individually and in his official
capacity as a WEST MEMPHIS POLICE OFFICER;
UNKNOWN WEST MEMPHIS POLICE OFFICER;
FLYING J. TRANSPORTATION LLC, and/or FLYING J.**           **DEFENDANTS**

### ORDER

Pending is a Motion for Summary Judgment filed by separate Defendants Flying J Transportation, LLC and Flying J.[1] Plaintiff responded.[2] For the reasons stated below, the Motion is GRANTED.

### I. Background

Separate Defendants, Flying J Transportation LLC and Flying J ("Flying J") own and operate a truck stop in West Memphis, Arkansas. Plaintiff filed this 42 U.S.C. § 1983 action alleging that Flying J employed an off-duty West Memphis police officer to work as a security guard. According to the Complaint, this off-duty officer cooperated with three on-duty police officers, to deprive Plaintiff of his right to be free of unreasonable search and seizure, and his right to freedom of movement. Specifically, Plaintiff alleges that he was assaulted and then arrested without probable cause, by three West Memphis police officers and one officer, who

---

[1]Doc. No. 25.

[2]Doc. No. 30.

1

was off-duty and working for Flying J. Plaintiff has not identified this one officer. Plaintiff alleged that the unidentified officer was acting "under color of law" at the time of the incident. Plaintiff also alleges that Flying J failed to properly train or supervise the unidentified officer.

Separate Defendants argue that the action against them should be dismissed for the following reasons: (1) Plaintiff does not allege or present evidence that they are state actors; (2) Plaintiff does not allege or present evidence that he was damaged by their policies, customs, or practices; (3) outside of his own testimony, Plaintiff does not present evidence that a fourth officer, employed by them, participated in the alleged unconstitutional conduct; and (4) under 42 U.S.C. § 1983, separate Defendants cannot be held liable for acts of their employees based on *resondeat superior*.

## II. Standard of Review

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[3] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[4]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[5] Nevertheless, summary judgment promotes judicial economy by

---

[3] *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed R. Civ. P. 56.

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[5] *Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

2

preventing trial when no genuine issue of fact remains.[6] I must view the facts in the light most favorable to the party opposing the motion.[7] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*, "[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[8]

Once a movant for summary judgment has "point[ed] out to the district court that there is an absence of evidence to support an essential element for which the nonmovant will have the burden of proof at trial, the nonmovant must make a sufficient showing that there is a genuine issue of fact as to that element."[9] The nonmovant cannot rest on its pleadings alone.[10] A case founded on speculation or suspicion is insufficient to survive a summary judgment motion.[11]

---

[6] *Id.* at 728.

[7] *Id.* at 727-28.

[8] *Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (*quoting City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[9] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).

[10] *Id.* at 324; *Beyer v. Firstar Bank, N.A.*, 2006 WL 1356661 (8th Cir. 2006).

[11] *Yarborough v. Devilbiss Air Power, Inc.*, 321 F.3d 728, 730 (8th Cir.2003)

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[12] Conclusory affidavits, standing alone, cannot create genuine a issue of material fact.[13]

## III. Authority

Section 1983 imposes liability on "every person, who under color of any statute, ordinance, regulation, custom, or usage" deprives others of Constitutional rights, or rights created by federal laws.[14] In general, §1983 claims are brought against governments, not private parties.[15] However, if private individuals act under color of law, they can be sued under § 1983.[16] The essence of § 1983's color of law requirement is that an individual or entity abused a power or position granted by the state (or, in this case, power granted by the city of West Memphis). Applying this standard, an off-duty police officer can be found to be acting under color of law if the officer is wearing his badge, driving his police car, or carrying his gun when the alleged unconstitutional act occurs.[17]

Private individuals may also act under color of law if they are "willful participant[s] in

---

[12] *Anderson*, 477 U.S. at 248.

[13] *Rose-Maston v. NME Hospitals, Inc.*, 133 F.3d 1104, 1109 (8th Cir. 1998).

[14] 42 U.S.C. § 1983 (1988).

[15] *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974).

[16] *Dennis v. Sparks*, 449 U.S. 24 (1980).

[17] *Roe v. Humke*, 128 F.3d 1213, 1216 (8th Cir. 1997) (off-duty officer who assaulted a minor was held not to be acting under color of state law because the officer was not wearing a badge, carrying a gun, driving a police vehicle, or found to be acting in accordance with his official duties)).

4

[a] joint action with the state or its agents."[18] For instance, proof of a conspiracy between Flying J and the West Memphis police to deprive Plaintiff of his constitutional rights would establish that they acted under color of law.[19]

However, *respondeat superior* is not recognized under 42 U.S.C. § 1983.[20] A private corporation will only be held liable under §1983 for its own unconstitutional policies.[21] The fact that Flying J employed an off-duty policeman does not automatically make them liable under § 1983 -- even if the unidentified officer abused his power, or collaborated with West Memphis police officers to injure Plaintiff.[22]

The real question is whether there is a custom or practice by those who represent Flying J's official policy that caused the injury.[23] Plaintiff must plead and present evidence that Flying J has a policy or custom encouraging false arrests to establish liability under § 1983.[24]

## III. Discussion

The events that gave rise to this case occurred in December, 2003. Since that time,

---

[18] *Id.* at 28.

[19] *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

[20] *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972 (8th Cir.1993).

[21] *Monell v. Department of Social Servs.*, 436 U.S. 658, 690 (1978).

[22] *Id.* at 691.

[23] *Id.* at 694.

[24] *Sanders*, 984 F2d at 976.

5

Plaintiff has not identified the officer working for Flying J. The Complaint simply states that the officer was acting under color of law at the time of the incident, but does not make such an allegation against Flying J. The only allegation made with respect to Flying J's liability is that they failed to properly train the officer.

In support of their Motion for Summary Judgment, separate Defendants offered their general manager's affidavit stating that their employees were not involved in the incident.[25] Defendants also produced a police report identifying three West Memphis police officers as participants in Plaintiff's arrest, but no one else.[26]

In response, Plaintiff relies on his testimony that the officer exists, was employed by Flying J, and participated in the incident.[27] Plaintiff argues that this testimony alone is sufficient to create a genuine issue in dispute. I disagree.

Plaintiff's testimony is based on information he allegedly received from another employee of Flying J. Such testimony is hearsay and inadmissible, unless the employee with whom Plaintiff spoke, was employed by Flying J at the time the conversation took place, and the statements made to Plaintiff concerned a matter within the scope of the employee's employment.[28] Plaintiff does not provide this information.

Even assuming that Defendants employed an officer who took part in the incident, Plaintiff has not produced evidence that the officer or Flying J was acting under color of law at

---

[25] Separate Defendants Ex. 2 (Doc. 26).

[26] Separate Defendants Ex. 3 (Doc. 26).

[27] Plaintiff did not attach the deposition testimony to his Response, but restated the testimony in the argument. For purposes of this Order, I will assume that the Plaintiff testified consistently with the representation made in his Argument.

[28] Fed. R. Evid. 801(d)(2)(D); *Owens v. Patton*, 925 F.2d 1111, (8th Cir. 1991); *White v. Honeywell, Inc.*, 141 F.3d 1270 (1998).

the time. There is no evidence that this unidentified officer was in uniform, wearing a badge, or using his governmental authority to violate Plaintiff's rights. Nor is there evidence that Flying J's policies or customs had anything to do with the events that gave rise to this claim. If Plaintiff cannot identify the officer, then any allegation about a failure to train or supervise, is merely speculation.

As stated above, a case founded on speculation or suspicion is insufficient to survive a summary judgment motion.[29] The Motion for Summary Judgement is GRANTED.[30]

IT IS SO ORDERED this 23rd day of June, 2006.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[29] *Yarborough*, 321 F.3d at 730.

[30] Plaintiff makes a claim based on battery under Arkansas State law. However, in pleading the facts, the battery claim is directed at two individual defendants--Hill and Lowrance. There is no allegation that these two individuals were employed by Flying J.